IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BROOKE K. HAMBLET,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0613-O-BP |
| | § | |
| **DONALD J. TRUMP,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 10, 2025, *pro se* Plaintiff Brooke K. Hamblet filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Brooke K. Hamblet is the plaintiff.  Donald J. Trump and James David Vance are the defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed her complaint, she did not pay the requisite fees or file an IFP

application. On June 13, 2025, the Court ordered her to cure this preliminary filing deficiency within 14 days by either paying $405 to the clerk of Court or filing a complete long-form IFP application. ECF No. 4. The Court provided Plaintiff a copy of the IFP application form necessary to comply and warned her that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.* Plaintiff did not comply. On June 30, the Court *sua sponte* granted her an extension of time to comply with the Court's order by July 14. ECF No. 5. The Court warned Plaintiff again that failure to either pay the requisite fees or file an IFP application could result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's orders expired. To date, Plaintiff has not complied with the Court's orders, sought an extension of time to do so, or otherwise attempted to cure her filing deficiency. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

2

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on July 15, 2025.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE